IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| REGINALD KELLY, SR., | : | PRISONER HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| EZELL BROWN, Sheriff, Newton County, | : | CIVIL ACTION NO. |
| | : | 1:13-CV-0988-WSD-JFK |
|     Respondent. | : | |

**MAGISTRATE JUDGE'S FINAL
REPORT AND RECOMMENDATION**

The matter is before the Court on the petition, as amended, and the amended brief in support, (Docs. 1, 4, 8, 15); Respondent's motion to dismiss, (Doc. 7); Petitioner's response; (Doc. 10), and Petitioner's motion for a writ of mandamus, (Doc. 16). For the reasons stated below, the undersigned recommends that the petition be denied and the action be dismissed, that the pending motions be denied as moot, and that a certificate of appealability be denied.

**I.    Background**

Petitioner filed this action in March 2013 and launched a pre-trial challenge to the State's alleged denial of his right to a speedy trial on drug and weapon charges that were pending against him in Newton County and for which he had been confined without trial for over four years. (Docs. 1, 4; see also Doc. 7, Ex. E). In the Newton

County Superior Court, Petitioner filed a plea in bar based on the alleged violation of his speedy trial rights. (Doc. 7, Ex. C; Doc. 15 ¶¶ 4, 5). The Newton Superior Court denied the plea in bar. (See Doc. 15 ¶ 5). On May 20, 2013, Petitioner pleaded guilty in the Superior Court of Newton County to selling cocaine, possessing cocaine with the intent to distribute, possessing a firearm during the commission of a felony, and possessing a firearm as a convicted felon. (Doc. 7, Ex. E; Doc. 15 ¶ 7). On that same day, the court imposed a forty-year sentence, with the first twenty years to be served in confinement. (Doc. 7, Ex. F).

Respondent moves that Petitioner's pre-trial speedy-trial challenge be dismissed based on Petitioner's guilty plea. (Doc. 7).

Petitioner has filed an amended petition in which he now challenges his convictions and sentences and seeks release from custody based on the alleged violation of his speedy trial rights.[1] (Doc. 8). In his amended brief in support, Petitioner argues that the state was responsible for the delay in his criminal case and

---

[1] Petitioner also seeks release based on Respondent's allegedly non-compliant response to the Court's April 2013 Order to show cause. (Doc. 8 at unnumbered page 2). A respondent's inadequate response to a federal habeas corpus petition, however, does not provide grounds for relief. See Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) ("[D]efault judgment is not contemplated in habeas corpus cases.").

2

that the trial court should have granted his plea in bar.[2]  (Doc. 15 ¶¶ 5, 8).  In response to the motion to dismiss, Petitioner argues that his guilty plea does not change the fact that his speedy trial rights were violated.[3]  (Doc. 10 at unnumbered page 2).

## II.     Federal Habeas Corpus Standard

A federal court may issue a writ of habeas corpus on behalf of a person held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law.  28 U.S.C. § 2254(a).  A district court may not grant an application for a writ of habeas corpus unless–

---

[2]In his amended brief, Petitioner also states that the trial court erroneously denied his subsequent motion to withdraw his guilty plea and that it "cannot be determined whether or not his claims were valid. Which further . . . lengthens trial and more [sic] reasons for the delay which is attributable to the government." (Doc. 15 ¶ 9).  Petitioner does not state on what grounds he moved to withdraw his guilty plea.  The Court construes Petitioner's amended brief as presenting argument in support of his speedy trial challenge, as raised in his amended petition.  (See Doc. 8).

[3]Petitioner states (1) that he pleaded guilty because it would have been "suicidal" to proceed to trial and (2) that, when he was asked whether he had in fact committed the offenses and was in fact guilty, he answered "yes" because the state would not accept an answer of "no" as part of the negotiated plea.  (Doc. 10 at unnumbered page 2; Doc. 7, Exs. E, F).

The Court notes that Petitioner takes issue with Respondent's statement identifying Petitioner's defense counsel as Mr. Winfrey when Petitioner's counsel was Brandon Bullard.  (Doc. 10 at unnumbered page 2).  This matter is not relevant to whether Petitioner is entitled to relief on his speedy-trial ground for relief.

3

(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). Notwithstanding a failure to exhaust state remedies, however, a federal district court retains authority to deny a federal habeas corpus petition on the merits. 28 U.S.C. § 2254(b)(2).

This Court has reviewed the pleadings and exhibits and finds that the record contains sufficient facts upon which the issues may be resolved. As Petitioner has made no showing as required by 28 U.S.C. § 2254(e)(2), no federal evidentiary hearing is permitted, and the case is now ready for disposition.

## III. Discussion

Supreme Court precedent holds that

> "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." It has thus been held that a guilty plea waives all non-jurisdictional defects occurring prior to the time of the plea, including violations of the defendant's rights to a speedy trial and due process.

Tiemens v. United States, 724 F.2d 928, 929 (11th Cir. 1984) (per curiam) (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973)); see also United States v. Thomas,

4

270 F. App'x 809, 809 (11th Cir. 2008).  Here, Petitioner pleaded guilty and thereby waived his right to a speedy trial.  Accordingly, Petitioner is not entitled to federal habeas corpus relief based on the alleged violation of his right to a speedy trial.

## IV.     Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  To satisfy that standard, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).  The undersigned recommends that a COA should be denied because it is not debatable that Petitioner is not entitled to relief based on his claim that his speedy trial rights were violated.

5

## V. Conclusion

For the reasons stated above,

It is **RECOMMENDED** that the petition be **DENIED**, that Respondent's motion to dismiss, (Doc. 7), and Petitioner's motion for a writ of mandamus, (Doc. 16), be **DENIED** as moot, that this action be **DISMISSED**, and that a COA be **DENIED**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 28th day of August, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)