IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**REGINALD KELLY, SR.,**

        Petitioner,

v.

**EZELL BROWN, Sheriff, Newton County,**

        Respondent.

1:13-cv-988-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [17] ("R&R"). Also before the Court are Respondent's Motion to Dismiss [7] and Petitioner's Motion for Writ of Mandamus [16].

**I.    BACKGROUND**[1]

On March 26, 2013, Petitioner Reginald Kelly, Sr. ("Petitioner"), then an inmate at the Newton County Jail, filed a petition for a writ habeas corpus.[2]

---

[1] The facts are taken from the R&R and the record. The parties have not objected to the facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

[2] Petitioner is now confined at the Washington State Prison in Davisboro, Georgia.

Petitioner alleged that he had been confined, without trial, for over four years while awaiting a trial on drug and weapons charges. Petitioner sought to challenge his confinement on the ground that he had been denied a speedy trial.

On May 20, 2013, while this action was pending, Petitioner pleaded guilty to various drug and weapons charges, and he was sentenced to forty years in prison. Petitioner subsequently filed an amended petition in this action in which he challenges his conviction and sentence, based on a violation of his speedy trial rights.

On August 28, 2013, Magistrate Judge King issued her R&R. Judge King noted that, after a criminal defendant makes a guilty plea, he "waives all non-jurisdictional defects occurring prior to the time of the plea, including violations of the defendant's rights to a speedy trial and due process." (R&R [17] at 4 (quoting Tiemens v. United States, 724 F.2d 928, 929 (11th Cir. 1984) (per curiam)).) Judge King thus concluded that Petitioner waived his rights to a speedy trial, and she recommends that this action be dismissed.

On September 17, 2013, Petitioner filed his objections [19] to the R&R. Petitioner argues that he filed a motion to withdraw his guilty plea and that the

state court improperly denied the motion.[3]

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. IV 2010); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B.   Analysis

#### 1.   *Dismissal of Petition*

Petitioner does not object to Judge King's conclusion that, by pleading guilty, Petitioner waived his rights to a speedy trial.  The Court does not find error in this conclusion.  See Tiemens, 724 F.2d at 929 (quoting Tollett v. Henderson,

---

[3] On May 24, 2013, Respondent filed his Motion to Dismiss, and on August 26, 2013, Petitioner filed his Motion for Writ of Mandamus.  Judge King recommends that these motions be denied as moot.

411 U.S. 258, 267 (1973)) ("'[W]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.' It has thus been held that a guilty plea waives all non-jurisdictional defects occurring prior to the time of the plea, including violations of the defendant's rights to a speedy trial and due process.").

Petitioner asserts that, after the entry of his guilty plea, he filed a motion to withdraw the plea ("Motion to Withdraw"), which was denied. In his objections to the R&R, Petitioner challenges the denial of the Motion to Withdraw. The Court does not consider this argument because Petitioner has not asserted, in his petition or amended petition, a challenge to his guilty plea. "A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process." Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir. 1991). Petitioner has not alleged such a denial of due process in this case, and his objections are required to be overruled.[4]

---

[4] Because the Court finds that this action should be dismissed, the Court adopts Judge King's recommendation to deny as moot Respondent's Motion to Dismiss and Petitioner's Motion for Writ of Mandamus.

### 2. *Certificate of Appealability*

A district court "must issue or deny a Certificate of Appealability when it enters a final order adverse to the appellant."  See R. Governing § 2254 Cases 11(a).  For a certificate to issue, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court agrees with Judge King that Petitioner has not demonstrated that a reasonable jurist could debate whether Petitioner states a valid claim of the denial of constitutional rights.  Thus, the certificate of appealability is denied.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [17] is **ADOPTED**.  This action is **DISMISSED**.

**IT IS FURTHER ORDERED** that Respondent's Motion to Dismiss [7] and Petitioner's Motion for Writ of Mandamus [16] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that a certificate of appealability, under Rule 11(a) of the Rules Governing Section 2254 Cases, is **DENIED**.

**SO ORDERED** this 11th day of October, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

6